■ WILLIAM PROTZMAN, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 60074.) — Judgment modified, on the law and facts, by increasing the award to claimant to the sum of $500,000, in accordance with memorandum, and, as modified, affirmed, with costs to claimant. Memorandum: In these actions for personal injuries (Protzman) and wrongful death (Hill) arising out of a motor vehicle accident, the Court of Claims made extensive findings resulting in an assessment of damages against the State. We find the awards fixed by the court to be inadequate in view of the extensive record detailing the damages incurred, but see no reason to remit the case for further fixation of monetary damages (Court of Claims Act, § 24). Considering, first, the case of claimant William Protzman, the court awarded the sum of $283,471.35. The record discloses that he sustained a skull fracture, abrasions and lacerations of the face, fractured ribs, lacerations of the liver, a fractured clavicle, fractures of both elbows and multiple fractures of the left leg. The accident caused him to be hospitalized for some 22 months, 13 of which were continuous and followed immediately upon the happening of the accident. During this time a tracheotomy was performed and a chest tube was inserted

into his body. He was encased in a body cast and skin grafts were required for his left heel. Surgery was performed on his fractured leg including bone grafts, coupled with the insertion of a supportive plate with the required screws and pins.. Surgery was required to straighten his left foot. As a result of these injuries claimant Protzman's left leg is one and one-half to two inches shorter than it was before the accident, requiring him to wear an elevated shoe and a brace. This injury is permanent, as is the loss of flexibility and range of motion of his elbows, the limited motion of his left knee, and numbness in his back, left foot, and two fingers. Claimant presently requires the use of a cane in order to walk, although his physician opined that eventually he may be able to walk without a cane. The doctor also testified that claimant would never be able to perform physical labor, which previously had been his means of livelihood. The parties stipulated that claimant Protzman's medical expenses were $143,471.35. Considering the nature of the injuries, the resulting permanency, the pain and suffering which flow from the injuries, and the conceded medical expenses, we think that the sum of $500,000 is a more appropriate award to which claimant Protzman is entitled (reduced to $490,000 by $10,000 he has already received from the driver of the other vehicle). In the claim of Gary R. Hill, suing for the wrongful death of his wife, Carol A. Hill, the court awarded him $100,000 (reduced to $90,000 by $10,000 received from the driver of the vehicle causing the accident). In seeking recovery for the pecuniary loss sustained by him as a result of the wrongful death of his wife, the fact pattern of this case reveals circumstances not customarily encountered in derivative lawsuits. Claimant Hill is a paraplegic as a result of an automobile accident in 1958. He and Carol married in 1961 and in the ensuing years, other than holding a few part-time or temporary jobs, the decedent devoted her time to caring for claimant, a not insignificant task and one which far transcended the usual duties of a homemaker. Claimant's paralysis has caused large bedsores on his buttocks requiring daily cleansing and application of ointment, care which decedent provided. Additionally, claimant's bladder was removed and an ileo-loop installed and decedent attended the loop. Subsequent to decedent's death, a colostomy was performed on claimant Hill creating yet another condition where reliance upon another person was required. The uncontested testimony at trial indicated that claimant's paralysis would shorten his life expectancy by 12 years. Testimony also established that claimant Hill would require a live-in home health aide to replace the services rendered by decedent, and that the cost of such an aide was $35 a day for the years 1975 and 1976, and $45 a day beginning in 1977 plus room and board (the trial was conducted in 1979). Applying these figures to claimant's life expectancy of 17.1 years at the time of trial, an economist projected that claimant would require $305,503 to cover the cost of a health aide. The testimony of claimant's experts was neither impeached nor controverted. Consequently we increase the award to claimant Hill to $305,503 (reduced to $295,503 by $10,000 he has already received for his loss). Concur — Dillon, P. J., Doerr, Denman and Schnepp, JJ.; Moule, J., dissents in part and votes to increase the award to claimant Protzman to the sum of $400,000. (Appeal from judgment of Court of Claims, Moriarty, J. — negligence.) Present — Dillon, P. J., Doerr, Denman, Moule and Schnepp, JJ.